IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**REBECCA WILSON**                                                                                                    **PLAINTIFF**

**v.**                                                                                        **CIVIL NO. 1:21-cv-138-HSO-RHWR**

**BAY TOWER APARTMENTS, JEAN**
**JOLLY, & MELISSA MILLER**                                                               **DEFENDANTS**

### ORDER OF DISMISSAL FOR FAILURE TO PROSECUTE

This matter is before the Court sua sponte for consideration of dismissal. After consideration of the record and relevant legal authority, the Court finds that the Motion [8] should be granted and this civil action should be dismissed without prejudice for failure to prosecute and failure to comply with Court Orders.

### I. BACKGROUND

Pro se Plaintiff Rebecca Wilson ("Wilson" or "Plaintiff") filed a Complaint [1] against Defendants Bay Tower Apartments, Jean Jolly, and Melissa Miller on April 23, 2021, alleging that she was wrongfully evicted from her apartment. Compl. [1] at 8. Defendant Bay Tower Apartments responded with a Motion [8] to Dismiss, asserting that the Court lacks subject-matter jurisdiction and that Plaintiff has otherwise failed to state a claim upon which relief can be granted. Mot. [8] at 1. Instead of filing her Response to the Motion [8] to Dismiss by her deadline of July 7, 2021, on November 4, 2021, Plaintiff filed a Motion [15] for Extension of Time to file her response. Despite the lengthy period of time that had passed since the initial deadline for responding to the Motion [8] to Dismiss, the Court granted Plaintiff's request in light of her pro se status, but cautioned that "THERE WILL BE NO

FURTHER EXTENSIONS GRANTED." Text Only Order, Nov. 11, 2021.

Contrary to the Court's Order, on December 2, 2021, the new deadline for Plaintiff's Response, she filed a Motion [18] to Amend Complaint. In violation of Local Rule 7(b)(2), she did not attach her proposed amended pleading. *See* Mot. [18]. Again, in light of Plaintiff's pro se status, the Court held the Motion to Dismiss in abeyance, and on December 3, 2021, it denied the Motion [18] to Amend without prejudice, directing that Plaintiff could renew her motion, with a proposed pleading properly attached, by no later than December 17, 2021. Plaintiff never filed a renewed motion to amend, nor has she ever responded to the Motion to Dismiss or otherwise taken any further steps to prosecute this lawsuit, despite being warned that "[i]f Plaintiff fails to file a response to Defendant's Motion to Dismiss on or before November 12, 2021, the Court will proceed to resolve this case without the benefit of a response from Plaintiff and will presume that Plaintiff has no further interest in pursuing this litigation." Order [12] at 2.

Plaintiff has also failed to keep the Court apprised of her address as required, as mailings from the Court have been returned as undeliverable. *See* Mail Returned [20], [22]. In addition, on February 17, 2022, the Court entered an Order [23] to Show Cause as to why her case should not be dismissed for failure to prosecute. The Court directed that Plaintiff must file a response showing why her case should not be dismissed for failure to prosecute or otherwise comply with the Court's previous Orders and cautioned that "failure to comply with this Order may result in

dismissal of this case without any further notice to Plaintiff." Order [23] at 2. Plaintiff has not responded to the Order to Show cause or otherwise complied with the Court's Orders.

## II. DISCUSSION

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b). *See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link,* 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 630-31.

Plaintiff has not complied with Court Orders after being warned that failing to do so would result in the dismissal of her lawsuit. *See* Order [12] at 2 (warning that the Court "will presume that Plaintiff has no further interest in pursuing this litigation" if deadlines are not met); *see also* Text Only Order, Nov. 12, 2021 (warning that "THERE WILL BE NO FURTHER EXTENSIONS GRANTED"); *see also* Order [23] at 2 (warning that "failure to comply with this Order may result in dismissal of this case"). Despite these warnings, Plaintiff has not contacted the Court, either to file her Amended Complaint or otherwise, since December 2, 2021. She has already been granted a very lengthy extension of time to file her response

3

to the Motion [8] to Dismiss after not responding for five months. Text Order Nov. 12, 2021.

Plaintiff further failed to file her Amended Complaint by the deadline set by the Court, and two months later, she still has not done so. Nor has she responded to the Order [23] to Show Cause, and she has not updated her mailing address. Such inaction represents a clear record of delay or contumacious conduct. It is apparent that Plaintiff no longer wishes to pursue this lawsuit. As the record demonstrates, lesser measures than dismissal have not prompted "diligent prosecution" but instead such efforts have proven futile. *See Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005). Dismissal without prejudice is warranted.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to follow Court orders. A separate final judgment will enter pursuant to Federal Rule of Civil Procedure 58.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant Bay Tower Apartments's Motion [8] to Dismiss is **DENIED AS MOOT.**

**SO ORDERED AND ADJUDGED**, this the 10th day of March, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE